IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMMY LEE JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-05-73-T |
| LENORA JORDAN, Warden, | ) |
| Respondent. | ) |

### ORDER

Petitioner, a state prisoner appearing *pro se*, filed his "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody" on January 20, 2005. The matter was referred to United States Magistrate Gary M. Purcell for initial proceedings. Respondent filed a response to the petition on March 8, 2005, and Petitioner filed a reply brief on April 8, 2005. On April 22, 2005, Judge Purcell issued a Report and Recommendation in which he recommended Petitioner's request for habeas relief be denied. Petitioner timely file an objection to the Report and Recommendation on July 8, 2005. The matter is at issue.

    **A.**    **Standard of Review**:

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (a general objection to Magistrate

Judge's Report and Recommendation is insufficient to preserve an issue for further review) (unpublished opinion cited pursuant to Tenth Cir. Rule 36.3).

With respect to objections that are both timely and specific, the Tenth Circuit Court of Appeals has stated:

> Because [petitioner] filed his petition for habeas relief after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply. See Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir.1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA provides that if a claim is adjudicated on the merits in state court, . . . habeas relief [will be granted] to a petitioner only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).
>
> Under the "contrary to" clause, . . . relief [is granted] only "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, relief is provided only "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Thus . . . a habeas writ [may not issue] simply because [the Court] conclude[s] . . . "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.
>
> Conversely, if the state court did not decide a claim on the merits, and the claim is not otherwise procedurally barred, we address the issue *de novo* and the § 2254(d)(1) deference requirement does not apply. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).

Gipson v. Jordan, 376 F.3d 1193, 1195-96 (10th Cir. 2004) (parallel citations omitted).

**B.    Summary of Petitioner's Objection**:

On the third page of his objection, Plaintiff states he objects to the conclusion with respect to ground 4 of the petition (constitutionality of the prior felony convictions used to enhance his sentence),

ground 2 of the petition (denial of due process due to trial court's alleged failure to have a "formal" hearing on his *pro se* pre-trial motion), and grounds 1, 3, 5 and 6 (ineffective assistance of trial and appellate counsel and status of prior felony convictions). While Petitioner discusses, at length, his objections to the recommendations on grounds 2 and 4, Petitioner does not discuss his objection to the recommendations with respect to grounds 1, 3, 5 and 6.

    **C.**    **Analysis of Petitioner's Objections**:

        1.    <u>Ground 2 – Failure to Hold Formal Pre-Trial Hearing</u>:

In ground 2 of the Petition, Petitioner argues that the trial court erred by failing to hold a "formal" hearing on his pre-trial motion to dismiss the sentence enhancement charge. In the Report and Recommendation, Judge Purcell found that Petitioner's argument raised an issue of state law that is not cognizable on habeas review. Accordingly, Judge Purcell recommended the Court deny Petitioner's request for habeas relief on his second ground

In his objection, Petitioner argues he was denied due process because the trial court did not require the prosecutor to show, at the pre-trial hearing, that Petitioner's "prior convictions was [sic] appeled [sic] or that Petitioner knowingly waived his rights to appeal as set forth in <u>Hill [v. Oklahoma</u>, 567 P.2d 516, 520 (Okla. Crim. App. 1977)]." Petitioner did not cite any Supreme Court case or federal authority supporting his objection.

As stated in the Report and Recommendation, Petitioner's second ground for relief presents an issue of state law which is not cognizable in a habeas case under §2254. Accordingly, for the reasons set forth in the Report and Recommendation, the Court denies Petitioner's request for habeas relief on his second ground.

     2.    <u>Ground 4 – Challenge to Enhancement of Sentence</u>:

In his fourth ground for relief, Petitioner attempts to challenge the validity of the prior felony convictions used to enhance his sentence by arguing he was not fully informed of his right to appeal each of the prior six convictions. In the Report and Recommendation, Judge Purcell, relying on <u>Carthen v. Workman</u>, 121 Fed.Appx. 344 , 2005 WL 226250 (10th Cir. 2005), recommended the Court deny Petitioner's request for habeas relief as Petitioner's prior felony convictions are conclusively valid.

Petitioner devotes the vast majority of his objection to this ground for relief and relies heavily on a discussion of Fed.R.Crim.P. 32. However, Fed.R.Crim.P. 32 does not apply to state court proceedings such as criminal prosecutions. <u>U. S. *ex rel.* Gaugler v. Brierley</u>, 477 F.2d 516, 523 (3rd Cir. 1973); <u>Cameron v. Hauck</u>, 383 F.2d 966, 971 (5th Cir. 1967); Fed.R.Crim.P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."). Thus, the state court judge's alleged failure to follow Fed.R.Crim.P. 32 is irrelevant. Likewise, Petitioner's citation to and reliance on <u>Perguero v. United States</u>, 526 U.S. 23 (1999) is misplaced. The defendant in <u>Perguero</u> was prosecuted by the federal government and Fed.R.Crim.P. 32 was applicable to his case.

As noted by Judge Purcell,

> While federal courts do not ordinarily have jurisdiction under § 2254 to entertain attacks on expired sentences, they do have jurisdiction when an expired sentence has been used to enhance a sentence currently being served. <u>Maleng v. Cook</u>, 490 U.S. 488, 493-94, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Under these circumstances, the petitioner's current incarceration satisfies the "in custody" requirement, and jurisdiction attaches even when the petitioner has identified the expired conviction as the one under attack. If such a petition is "construed with the deference to which pro se litigants are entitled, [it] can be read as asserting a challenge to the [current] sentences, as enhanced

by the allegedly invalid prior conviction, . . . satisfy[ing] the 'in custody' requirement for federal habeas jurisdiction." Id. (citations omitted).

Carthen v. Workman, 121 Fed.Appx. 344, 346, 2005 WL 226250 (10th Cir. 2005) (unpublished opinion).

> That a court has jurisdiction over a claim is no guarantee that the court may properly reach its merits, however. Subject to two narrow exceptions, a petitioner may not use § 2254 to make a collateral attack on an expired sentence used to augment a current one:
>> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.
>
> [Lackawanna County District Attorney v.] Coss, 532 U.S. [394,] 403-04, 121 S.Ct. 1567 [(2001)] (citation omitted).
>
> The only exceptions to this general rule are claims that the expired conviction was obtained (1) without the assistance of appointed counsel in violation of the Sixth Amendment, or (2) under circumstances in which a defendant "can[not] be faulted for failing to obtain timely review of a constitutional claim" because no avenue of review was available. Id. at 404-05, 121 S.Ct. 1567.

Id. at 346-47.

As in Carthen, Petitioner attempts to bring himself within the exception in Lackawanna by arguing that neither the trial judge nor his lawyers in the prior state court cases notified him of his right to appeal following the entry of his guilty pleas. Petitioner's claim is without merit.

> [A]ttorneys do not have an absolute duty even to inform a defendant who has pled guilty of his right to appeal. Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir.1989). Sentencing courts do not have a duty to advise defendants of the right to appeal following a plea of guilty, still less a duty to contact defendants after sentencing to offer legal advice regarding the desirability of or proper procedures for an appeal. Crow v. United States, 397 F.2d 284, 285 (10th Cir.1968).

Id. at 347. Thus, as neither the trial court nor Petitioner's lawyers had a Constitutional duty to inform Petitioner of his right to appeal following his guilty pleas, the Court concludes that Petitioner has not demonstrated a valid challenge to the prior felony convictions used to enhance his current sentence. Accordingly, the Court denies his request for habeas relief on his fourth ground for relief.

    3.    Grounds 1, 3, 5 and 6:

Petitioner's only mention of grounds 1, 3, 5 and 6 appears on the third page of the objection. There he states: "Objection to ground one, three, five and six, that Petitioner may reserve the right of futher [sic] appellate review." (Objection at 3.) This general objection is, according to case law, insufficient to preserve the issues for further review. See One Parcel of Real Property, 73 F.3d at 1060 (10th Cir. 1996) and Nolan, 1999 WL 565681 at *2. Accordingly, the Court finds Petitioner has waived review of these grounds and adopts the recommendation that habeas relief should be denied thereon.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the April 22, 2005, Report and Recommendation in its entirety; OVERRULES Petitioner's July 8, 2005, objection thereto; and DENIES Petitioner's request for habeas relief.

IT IS SO ORDERED this 13th day of July, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE