# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMMY JOHNSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-05-73-T |
| LENORA JORDAN, | ) ) ) |
| Respondent. | ) ) |

## ORDER

On July 13, 2005, the Court entered an order adopting Judge Purcell's April 22, 2005, Report and Recommendation in its entirety. On September 7, 2005, Petitioner filed a request for a Certificate of Appealability ("COA"). Petitioner has not filed a notice of appeal.

In order for his request for a COA to be timely, Petitioner must have filed it within the time period provided in Fed.R.App.P. 4(a)(1)(A). See United States v. Hodges, 2001 WL 1222205 (D.Kan. 2001).[1]

---

[1]

Rule 4(a), [Fed.R.App.P.], sets forth the deadline for defendant to file a notice of appeal. Reading together the requirements of Rule 4(a), Fed. R.App. P., and 28 U.S.C. § 2253(c)(1), a defendant must request a certificate of appealability and file a notice of appeal within the time set forth in Rule 4(a). See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir.1999). Courts generally construe these rules, however, to require only that a *pro se* defendant file a request for a certificate of appealability or a notice of appeal before the deadline set forth in Rule 4(a). See id.; see also Fed. R.App. P. 22(b)(2) ("If no express request for a certificate [of appealability] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."); United States v. Williamson, 201 F.3d 449, 1999 WL 1083750, at *1 n. 2 (10th Cir. Dec. 2, 1999) (construing motion for certificate of appealability as notice of appeal).

Id. at *1 n. 1.

In this case, Petitioner failed to meet that deadline by twenty-six days. Accordingly, the Court finds that Petitioner's request for a COA is untimely and, therefore, it must be DENIED.

IT IS SO ORDERED this  14th  day of September, 2005.

---
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE